IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DANIEL ERIC COBBLE, Reg. No. 97872-020,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:20-CV-31-CLM |
| | ) |
| **ALL U.S. DISTRICT/MAGISTRATE JUDGES SERVING WITH THE COURT OF MONTGOMERY, ALABAMA,** *et al.,* | ) ) ) ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Plaintiff Daniel Eric Cobble is a prolific *pro se* filer who is presently incarcerated in the Sumter County Jail in Americus, Georgia. Cobble seeks relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), which allows lawsuits against federal officers acting under the color of federal law. And Cobble has sued a lot of federal officials here—*i.e.* "all Alabama federal judges [that have] ever dealt with me" and (apparently) the entire "U.S. Government." Doc. 4 at 1.

### Cobble's Amended Complaint

Cobble's 103-page amended complaint is a mashup of handwritten pages and photocopies of orders from Cobble's previous cases. Doc. 4. While much of the complaint is incomprehensible, the overarching theme is that the federal Government—and federal judges in particular—have repeatedly violated Cobble's constitutional rights by dismissing his multiple lawsuits that sought placement in protective custody. Doc. 4 at 1, 8–19. The rest of the amended complaint asserts several medical claims (*id*. at 2–5, 23–26, 41–46),

and complaints about Cobble's conditions of confinement (*id.* at 27–40, 47–55), which as discussed in the analysis section, are designed to overcome the statutory bar against repeated frivolous filings.

Cobble filed this action in the Middle District of Alabama. But other than his claims about adverse rulings by the judges of the Middle District of Alabama, none of Cobble's claims concern events connected to, or parties residing in the Middle District of Alabama. Nor do any of the rulings issued by judges of the Middle District of Alabama concern events connected to, or parties residing in, the Middle District of Alabama.

## Analysis

Cobble seeks *in forma pauperis* status under 28 U.S.C. § 1915. Doc. 7. Two provisions of Section 1915 potentially warrant dismissal of Cobble's amended complaint.

First, Section 1915(g) precludes prisoners from filing civil actions *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This provision is known as the "three strikes rule."

Second, if Cobble's complaint survives the three strikes rule, Section 1915(e) requires this court to "dismiss this case at any time" if it determines that Cobble's lawsuit is "frivolous or malicious"; it "fails to state a claim on which relief may be granted"; or, it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

So, before this case goes any further, the court must determine whether it must be dismissed under either of these provisions.

## I. Section 1915(g): the Three-Strikes Rule

Section 1915(g) has two operative provisions: the affirmative three strikes rule and a savings clause. As explained below, Cobble's amended complaint violates the rule and cannot be saved by the "imminent danger" savings clause.

### A. Three or More Strikes

The first question is whether Cobble "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[1] *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Cobble easily meets this standard.

While this is not an exhaustive list, court records establish that Cobble has filed the following civil actions or appeals while incarcerated, and each case was dismissed as

---

[1] Title 28, § 1915(e) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall*, C.C.F., 2011 WL 5970977, at *2 (3d Cir. 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Under § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, 2010 WL 1463011, at *1 (E.D. Mich. 2010) (quoting *Price v. Heyrman*, 2007 WL 188971, at *1 (E.D. Wis. 2007) (citing *Neitzke*, 490 U.S. at 327)).

frivolous, as malicious, as failing to state a claim, or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915(e):

- *Cobble v. U.S. Government*, No. 1:18-CV-92-LAG (M.D. Ga. 2018) (dismissed as frivolous);
- *Cobble v. Jones*, No. 4:16-CV-362-LAG (M.D. Ga. 2016) (dismissed as frivolous and for failure to state a claim);
- *Cobble v. Bloom*, No. 1:04-CV-1150-SCJ (N.D. Ga. 2004) (dismissed as frivolous);
- *Cobble v. David*, No. 1:04-CV-560-SCJ (N.D. Ga. 2004) (dismissed as frivolous);
- *Cobble v. Cobb Cty. Police*, No. 1:02-CV-2821-RWS (N.D. Ga. 2002) (dismissed for failure to state a claim).[2]

Because Cobble has more than three offending dismissals, he cannot file this case unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### B. Imminent Danger of Serious Physical Injury

As a serial filer, Cobble knows that he can avoid the three strikes rule if he can convince the court that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). He tries to do so by cobbling together a random list of ailments and complaints

---

[2] This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999). Th Court also note that the listed cases are but the tip of Cobble's litigation iceberg. In *Cobble v. Neeley*, 2018 WL 10604352 (M.D. Ga. 2018), the district court noted that "[a] search of PACER records reveals that [Cobble] has filed hundreds of federal cases over the years, including, in the Middle District of Georgia alone, eighty-nine separate cases." *Id*. at *3. As a result of Cobble's prolific history of filing frivolous and vexatious cases, and to curb further abuses, that district court sanctioned Cobble's ability to file civil actions in that court for a period of two years (dating from November 1, 2018) by allowing him to file a pleading only if, on review, the court determined it alleged a plausible claim for relief. *See id*. Perhaps this Georgia-based ban is why Cobble appears now in the Middle District of Alabama, where none of the alleged incidents occurred.

about his conditions; separating them into 15 "counts"; and starting nearly every count with some variation of the phrase, "I am in imminent danger of serious physical injury[.]" Doc. 4 at 8, 23, 25, 27, 37, 41, 49, 55, 71, 73, 79, 83, 97, 98, 101.  Here is a sampling of the "imminent dangers" allegedly suffered by Cobble:

- He requires a penis transplant because of a spider bite (Count 2);

- He requires a hair transplant because of a bad tuberculous test (Count 3);

- He requires gym equipment to better protect himself from inmates (Count 4);

- He needs prescription eyeglasses because his are scratched (Count 6);

- He needs to be moved because he must listen to pop music and the screams of mentally ill inmates (Count 7); and,

- He needs to be deported because he is British nobility who has declared war against the United States (Count 14).

Doc. 4 at 23, 25, 27, 41, 49, 97.

Merely listing allegations of danger is not enough. To trigger the savings clause, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  "A plaintiff must provide the court with specific allegations of *present imminent danger* indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya,* 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. 2014) (holding that, to meet the exception to application of § 1915(g)'s three-strikes bar, the facts in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis*

5

*v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three-strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

The court has reviewed every one of Cobble's claims of imminent danger and finds that none of them will expose Cobble to serious physical injury if this court does not proceed with this case. Instead, the court finds that Cobble's pleading shows that he "is a seasoned vexatious litigant who has read 28 U.S.C. § 1915(g) and is manipulating it to serve his ends." *Skillern v. Jackson*, 2006 WL 1687752, *2 (S.D. Ga. 2006) (citations and internal quotations omitted). Thus, the three strikes rule precludes Cobble from filing this complaint. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). *See also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

## II. Section 1915(e): Mandatory Dismissal

As explained in Part I, Cobble is statutorily precluded from filing this action under the three strikes rule. The court also finds that, if the three strikes rule did not apply, the court would still have to dismiss this case under 28 U.S.C. § 1915(e)(2).

Section 1915(e)(2) requires dismissal, at any time, if the court determines that the action is "frivolous or malicious"; "fails to state a claim on which relief may be granted";

"seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Cobble's *Bivens* claim alleges that federal judges violated his constitutional rights by ruling against him in previous actions and those adverse rulings have prevented him from entering into protective custody.[3]

Federal judges, however, are entitled to absolute judicial immunity from damages in a *Bivens* action for those acts taken while the judge was acting in his judicial capacity, unless the judge acted in the "'clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). *See also Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). A judge is entitled to this immunity even if his acts were in error, were malicious, or exceeded his jurisdiction. *Stump*, 435 U.S. at 356; *Bolin*, 225 F.3d at 1239. A federal judge's absolute immunity includes immunity from claims for injunctive relief. *Bolin*, 225 F.3d at 1242.

Each of the defendant judges was acting in his or her official capacity when entering an order adverse to Cobble, *see* U.S. CONST. ART. III, § 2 ("[t]he judicial power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States and treaties[,]" and Cobble has not alleged that any judge entered an adverse order in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357.

---

[3] Cobble's initial complaint was against all federal judges in the Middle District (doc. 1), and his amended complaint expands the defendant group to include all Alabama federal judges that "ever dealt with me at all." Doc. 4 at 1.

The defendant judges are thus immune from Cobble's claims. As a result, Cobble's claims must be dismissed under 28 U.S.C. § 1915(e)(2) because they are frivolous and fail to state a claim for which relief can be granted.

*  *  *

In sum, Cobble's complaint violates the three strikes rule of 28 U.S.C. § 1915(g). As a result, the court **denies** Cobble's application to proceed *in forma pauperis* (doc. 7) and **dismisses** his amended complaint (doc. 4) **without prejudice**. *See Dupree*, 284 F.3d at 1236 (setting forth the proper procedure for dismissing a case under §1915(g) if the full filing fee was not paid at the initiation of the lawsuit).

Because the court must dismiss Cobble's complaint, all other pending motions (docs. 6 and 8) are **dismissed as moot.**

**DONE** and **ORDERED** this 2nd day of June, 2020.

*[signature: Corey L. Maze]*

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE